**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN MORAN GUTIERREZ,

Petitioner,

v. No. 2:26-cv-02604-KG-GJF

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Juan Moran Gutierrez's pro se petition for writ of habeas corpus ("Petition"), filed August 7, 2026. *See* Doc. 1. Petitioner challenges his continued detention and seeks his immediate release. Doc. 1 at 6–7. Respondents do not contest the facts presented in the Petition. *See* Doc. 6 at 1 ("Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case.") The Court therefore concludes 8 U.S.C. § 1226(a) governs Petitioner's detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Petitioner's detention without a bond hearing constitutes a violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Fifth Amendment Procedural Due Process Clause).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir.

1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight (48) hours from this Order's filing) Petitioner from custody.
2. Upon Petitioner's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained. Respondents shall provide a copy of this Order to Petitioner.
3. Respondents must file a status report within five (5) business days of this Order's filing to certify their compliance.
4. If Petitioner is re-detained prior to entry of a final order of removal, all applicable regulations and procedures must be followed, including that Petitioner be provided a bond hearing pursuant to § 1226(a).
5. Petitioner's Motion to Expedite Decision, Doc. 7, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.